## BOWMAN vs. FLOWER.·

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

In a petitory action, the plaintiff cannot recover any part of the land in the possession of the defendant, which is covered by his title, and which is not shown to be embraced within the limits of the patent, under which the plaintiff holds.

In a suit, involving the question of limits and boundaries, between two tracts of land, where the parish surveyor, called as a witness, was asked the following question : " were you called upon as a surveyor of the state, to fix the boundaries between the parties, under the provisions of the Civil Code, where would you establish it, with the lights before you ?" *Held*, that the question was illegal, as the answer would have been, to decide at once, the controversy between the parties, as well questions of law, as of fact, and cut the knot which courts and juries had labored years to untie.

Surveyors, when called as witnesses, may properly be questioned as to the appearance of old lines, marks upon trees, and their opinion as to the age of certain marks on trees, and similar facts, connected with their profession.

The plaintiff, who is a resident of the state of Pennsylvania, alleges, he is owner and proprietor of a tract of land, situated in the parish of West Feliciana, and granted by the Spanish government, in                to one John Collins, from whom, as grantee, he derives a regular, legal title.   He states, that the defendant has taken illegal possession of about thirty arpents of said tract of land, which he continues to hold, and has cut the timber therefrom, and cultivated the greater part ever since January, 1815.   He prays judgment, delivering him the possession of the land, together with rents and profits.

The defendant pleads a general denial; and avers that he, and those from whom he derives title, have been in the quiet and peaceable possession of the premises, for more than thirty years, and prays to be dismissed with his costs.

The defendant amended his answer, by averring, that in ascertaining a correct limit or boundary between them, it would be found, that the plaintiff was in possession of lands belonging to the defendant; and he prays judgment for whatever quantity may be so found.

It was admitted and agreed by the parties, that all the intermediate transfers have been regularly made, from the original patentees, to the present holders.

It was also agreed, that the jury might find a special verdict. On the 17th December, 1822, the jury returned a verdict in favor of the plaintiff, establishing his corner, and that the line be run west from thence, as laid down in the plat of survey, made in the case ; upon which the court rendered judgment, that the boundary line between the plaintiff and defendant, shall forever hereafter be fixed and established according to said verdict, and that the plaintiff recover from the defendant, the property and possession of all land and improvements, heretofore possessed by the defendant, north of said line.

A new trial was granted, on the ground of newly discovered evidence, since the trial, &c.

On the second trial, the jury found a verdict for the defendant, that the line running *east* from the corner established in the first verdict, is to be the true boundary line between the parties. Judgment was rendered thereon, accordingly.

A bill of exception was taken in the course of the trial, to the opinion of the judge, admitting certain depositions in evidence. On appeal, the judgment was reversed on this point, and remanded for a new trial. See 2 *Martin*, *N. S.* 267.

On the return of the case, it was agreed, that the titles to the land in dispute, were to be held complete, and the cause tried as between the original parties. The jury found another verdict, fixing another boundary between the contending parties, different from that contained in the two first verdicts.

After an unsuccessful effort to obtain a new trial, and to arrest the verdict, on the ground of a mistake ; the

defendant appealed from the judgment rendered thereon.
See 3 *Martin, N. S.* 641.

When this cause came back the second time, it was tried on a mass of evidence, taken under commissions, and in open court, besides the original titles of the contending parties.

The jury returned a verdict for the plaintiff, designating the boundary line between the parties, in reference to a diagram on file.

The defendant's counsel moved the court to grant a new trial, on the following grounds :

1. The verdict of the jury, appears clearly contrary to law and evidence.

2. The defendant has discovered, since the trial, evidence important to the cause, which he could not with due diligence, have obtained before.

3. That manifest injustice has been done in the case, by the verdict of the jury.

The defendant's affidavit, setting forth the newly discovered evidence in detail, was filed, with the affidavit of the parish surveyor ; the principal fact disclosed, was the alleged discovery of the true corner tree, which would materially change the boundary between the parties.

The plaintiff, in answer to the motion for a new trial, alleged that the evidence, pretended to have been discovered, since the trial, is unimportant, and if true, could in no manner affect the verdict, &c. Testimony was taken on the issue made for a new trial.

The district judge was of opinion, no counter affidavits or evidence could be received on a motion for a new trial; and overruled the motion accordingly. The defendant's counsel excepted to the judgment of the court, rejecting counter affidavits and testimony offered, pending the motion for a new trial.

Judgment was rendered on the 21st December, 1826, confirming the verdict, establishing the boundary line between the plaintiff and defendant, in favor of the former, and that he recover all the land occupied by the defendant, north of

said line, and be put in possession thereof. From this <span style="float:right">WESTERN DIST. <i>August,</i> 1834.</span>
judgment, the defendant again appealed.

During the trial, there were several bills of exception taken, <span style="float:right">BOWMAN <i>vs.</i> FLOWER.</span>
and those that were relied on, in this court, are fully stated in
the opinion given in the cause ; as also the original Spanish
and other titles, offered in evidence.

*Turner,* for the plaintiff.

*Downs,* for the defendant.

1. A new trial ought to have been granted on the grounds
prayed for.

2. There was error in the opinion of the court, refusing to
permit the surveyor to state, where he thought the line ought
to run.

3. The fallen gum is the true corner, and gives the
defendant all he contends for.

4. There is a susplus in the land to be divided, and this will
give the defendant more than he has occupied or claimed.
*La. Code,* 847.

5. Prescription must govern this case, and which operates
favorably to the pretensions of the defendant. *La. Code,* 848.

*Bullard, J.,* delivered the opinion of the court.

This case has been twice before this court, on appeal, and
two successive judgments have been reversed, one in favor of
the defendant, and the other in favor of the plaintiff. On
the last trial in the court below, the jury established a
boundary between the adjoining tracts of land, held by
the parties respectively, of which the defendant complains, <span style="float:right">In a petitory action the plaintiff cannot recover any part of</span>
and he asks a reversal of the judgment pronounced thereon.

The action appeared to the court before, as it appears now, <span style="float:right">the land in the possession of</span>
essentially petitory, and consequently the plaintiff cannot <span style="float:right">the defendant,</span>
recover any part of the land in possession of the defendant, <span style="float:right">which is covered by his title, and</span>
which is covered by the defendant's title, and which is <span style="float:right">which is not shown to be em-</span>
not shown to be embraced within the limits of the patent, held <span style="float:right">braced within the limits of the</span>
by the plaintiff. <span style="float:right">patent under</span>

The titles of the parties are of equal dignity, and that <span style="float:right">which the plaintiff holds.</span>
of the defendant the oldest. The patent in favor of **W. P.**

Collins, which is admitted to be the defendant's title, calls for a superficies of six hundred and forty arpents, having a front of sixteen arpents on the Bayou Sarah, by a depth of forty arpents, bounded on the south by Bernard Higgins, and on the north by John Collins. That of John Collins, under whom the plaintiff holds, is for eight hundred arpents, having a front of eighteen arpents on the Bayou, and a depth of forty three arpents and six perches, or six-tenths of an arpent, bounded on the south by W. P. Collins, and on the other sides by vacant land, at the time the primitive title was granted. The side lines of both patents, are represented on the figurative plans, made by Trudeau, as parallel to each other, and running due west from the Bayou.

It is apparent, from a simple inspection of the titles, and the plats of survey, returned under the order of the District Court, that the line C D, fixed by the jury as the dividing line between the two patents, cuts off a part of the defendant's land, and gives to the plaintiff more land than he is entitled to, under the patent of John Collins, as surveyed by Trudeau, beginning at Lytels on the south.

It is suggested to us by counsel, that there is evidently between Lytels and Higgins, more land than is embraced in the two patents, and that an equitable division ought to be made of the surplus, between the parties. If this was simply an action of boundary, perhaps in the absence of proof of a consentional boundary, and the uncertainty as to the lines really made by the Spanish surveyor, we might think ourselves authorised to take that course. Much of the litigation in this case, has probably arisen from a vain search for a common corner, to the two patents, on the back parts of the tracts. Such a corner cannot exist, because the tracts have unequal depths. All the evidence therefore, which has been given, leads to no satisfactory results. We have not before us such data, as will enable us to decide definitively between the parties, as to the true division line, and can only say, that the line settled by the judgment below, is in our opinion, inconsistent with the written titles, exhibited by the parties. It appears, that the plaintiff is in possession, under

the patent, of all the land north of Lytel's land, as represented by Trudeau, which in fact, is a greater extent than is expressed in his patent, if he recovers according to the judgment rendered in this case.

Our attention is called to a bill of exceptions, to the opinion of the district judge, who refused to permit a certain question to be put to a parish surveyor, who was called as a witness. The question proposed, and objected to, was in the following words: "Were you called upon as a surveyor of the state, to fix the boundaries between the parties, under the provisions of the Civil Code, where would you establish it, with the lights before you."

We are of opinion that the District Court did not err, in refusing to permit such a question, to be answered by the witness. The answer to it would have been to decide the controversy between these parties, as well questions of law as of fact, and to cut at once the knot, which courts and juries had laboured years to untie. If the answer to such a question, were legal evidence, it would be binding on this court, and a judgment, disregarding it, would be clearly contrary to evidence. Professional men are sometimes called to testify, and their opinions are evidence. The surgeon who states, that a certain wound, in his opinion, produced death, speaks of the effect which would propably result from a given cause, according to his knowledge of anatomy, and his professional experience. The effect already exists, and his opinion is asked only as to the probable cause. But the surveyor was asked, not whether a plat had been drawn, according to the principles of his art, but what line ought to be established, according to the Civil Code. Surveyors may properly be questioned, as to the appearance of old lines, marks upon trees, and their opinion as to the age of certain marks upon trees, and similar facts, connected with their profession. The same objection exists, though not to the same extent, to the question propounded to another witness, who was a surveyor under the United States.

WESTERN DIST.
*August*, 1834.

BOWMAN
*vs.*
FLOWER.

In a suit involving the question of limits and boundaries between two tracts of land, where the parish surveyor, called as a witness, was asked the following question: "Were you called upon as a surveyor of the state, to fix the boundaries beween the parties under the provisions of the Civil Code, where would you establish it, with the lights before you?" *Held*, that the question was illegal, as the answer would have been to decide at once, the controversy between the parties, as well questions of law as of fact, and cut the knot which courts and juries had laboured years to untie.

Surveyors when called as witnesses may properly be questioned as to the appearance of old lines, marks upon trees and their opinion as to the age of certain marks on trees, and similar facts connected with their profession.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, the verdict set aside, and the case remanded for a new trial, the costs of appeal to be paid by the appellee.